UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X
                                  :

CHRISTINA E ROSOL,                        :

                     Plaintiff,      :

                               :           25-CV-5183 (JMF)

       -v-                     :

                               :     MEMORANDUM OPINION

NEW YORK CITY HOUSING AUTHORITY,  :    AND ORDER TO SHOW

                             :            CAUSE

                   Defendant.    :

                               :
---------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      Plaintiff, appearing without counsel and *in forma pauperis*, brings this action alleging that her former employer, the New York City Housing Authority ("NYCHA"), discriminated against her on the basis of her race and Egyptian nationality, in violation of 42 U.S.C. § 1981, Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17, and the New York State and City Human Rights Laws.  Plaintiff also invokes the Family and Medical Leave Act of 1993 (FMLA), 29 U.S.C. §§ 2601 to 2654.  For the following reasons, the Court directs Plaintiff to show cause, by filing a written declaration **within thirty days**, why this action should not be transferred to the United States District Court for the Eastern District of New York.

## DISCUSSION

      Where multiple claims are joined in one action, venue generally must be proper for each claim. *See Kim v. Lee*, 576 F. Supp. 3d 14, 23 (S.D.N.Y. 2021) ("Where a plaintiff asserts multiple claims, venue must be proper as to each of the claims asserted, but a common factual basis between a claim where venue is proper and one where venue is improper may defeat dismissal of a claim for improper venue." (internal quotation marks and citation omitted)), *aff'd*, No. 22-61, 2023 WL 2317248 (2d Cir. Mar. 2, 2023).

Title VII includes a venue provision providing that such an action may be brought in:

[1] any judicial district in the State in which the unlawful employment practice is alleged to have been committed, [2] in the judicial district in which the employment records relevant to such practice are maintained and administered, or [3] in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, [4] but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e–5(f)(3).  Plaintiff alleges that she worked in Staten Island, New York, *see* ECF 1, at 3, which is in Richmond County, in the Eastern District of New York. 28 U.S.C. § 112(c).  Venue of Plaintiff's Title VII claim is therefore proper, under Section 2000e-5(f)(3), in the Eastern District of New York, where she worked, and in any other district in the State of New York, including this one.

Section 1981 and the FMLA do not include specific venue provisions, and claims under these statutes are therefore governed by the general venue statute, 28 U.S.C. § 1391.  Under the general venue provision, a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).  For purposes of venue, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question.  *See* 28 U.S.C. § 1391(c)(1), (2).

Under these provisions, venue of Plaintiff's Section 1981 and FMLA claims is also proper in the Eastern District of New York.  Because Plaintiff worked in Richmond County, and her claims arose there, venue under Section 1391(b)(2) lies in the Eastern District of New York because a substantial part of the claims occurred in that district.  Venue of these claims also appears to be proper, under

Section 1391(b)(1), in both the Eastern District of New York and this district based on the residence of Defendant NYCHA, which is likely subject to personal jurisdiction in both districts.

Even if venue is proper in the district where a case is filed, a court may transfer the case "[f]or the convenience of parties and witnesses, in the interest of justice" to any other district where it might have been brought. 28 U.S.C. § 1404(a); *Grant & Eisenhofer, P.A. v. Bernstein Liebhard LLP*, No. 14-CV-9839 (JMF), 2015 WL 5751252, at *3 (S.D.N.Y. Sept. 30, 2015) ("[A] court must first establish that the case could have been filed in the transferee district and, if so, then determine whether the convenience and the interests of justice favor transfer.").

In determining whether transfer is appropriate, courts consider the following factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors). A plaintiff's choice of forum is accorded less deference where the plaintiff does not reside in the chosen forum and the operative events did not occur there. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001) (discussing deference to plaintiff's choice of venue in context of *forum non conveniens* analysis).

Plaintiff resides in New Jersey, outside this district, and she alleges that the operative events giving rise to her claims took place outside this district. Plaintiff's choice of this district is therefore entitled to less deference. The underlying events occurred in Staten Island, in Richmond County within the Eastern District of New York, and it is reasonable to expect that witnesses would be in that

district.  Moreover, the Eastern District of New York appears to be a more convenient forum for this action.

The Court therefore directs Plaintiff to show cause, by filing a written declaration within thirty days of this order, why this action should not be transferred to the United States District Court for the Eastern District of New York.  28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Court directs Plaintiff to show cause, by filing a declaration within thirty days of this order, why this action should not be transferred to the United States District Court for the Eastern District of New York.  A declaration form is attached to this order.  If Plaintiff fails to respond within the time allowed, the action will be transferred, under 28 U.S.C. § 1404(a), to the Eastern District of New York without further notice to the parties.

SO ORDERED.

Dated:   July 1, 2025
         New York, New York

JESSE M. FURMAN
United States District Judge

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the first and last name of each plaintiff or
petitioner.

                                        Case No. _____ CV _____

                    -against-

_____

_____

_____

_____

Write the first and last name of each defendant or
respondent.

## DECLARATION

_____

_____

Briefly explain above the purpose of the declaration, for example, "in Opposition to Defendant's
Motion for Summary Judgment," or "in Response to Order to Show Cause."

I, _____ , declare under penalty of perjury that the

following facts are true and correct:

In the space below, describe any facts that are relevant to the motion or that respond to a court
order. You may also refer to and attach any relevant documents.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Attach additional pages and documents if necessary.

_____

Executed on (date)                          Signature

_____            _____

Name                                        Prison Identification # (if incarcerated)

_____            _____

Address                      City           State        Zip Code

_____            _____

Telephone Number (if available)            E-mail Address (if available)